UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LESTER JORDAN,<br>Plaintiff, | CASE NO. 3:18-cv-1541 (MPS) |
| v. | |
| BARBARA LaFRANCE,<br>Defendant. | OCTOBER 1, 2018 |

**INITIAL REVIEW ORDER**

Plaintiff Lester Jordan, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case under 42 U.S.C. § 1983. He contends that the defendant, Nurse Barbara LaFrance, is deliberately indifferent to his serious medical needs. Although the plaintiff names the defendant in both individual and official capacities, he seeks only damages and references only individual capacity in the prayer for relief.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

I.      Allegations

The plaintiff was transferred to the Walker Reception Special Management Unit ("Walker") at MacDougall-Walker Correctional Institution in April 2018. ECF No. 1, ¶ 10. The plaintiff has juvenile diabetes and is insulin-dependent. *Id.*, ¶ 11. His blood sugar level should be between 80 and 130. *Id.*, ¶ 12. Since he was transferred to Walker, however, the plaintiff's blood sugar level has been well over 200, often ranging between 300 and 400. *Id.*, ¶ 13. The high levels have caused him to experience loss of appetite, loss of sleep, excessive thirst, constant urination, stomach and bladder aches, headaches, fatigue, blurred vision, and increased neuropathic foot damage. *Id.*

The plaintiff requested, but was denied a diabetic diet. *Id.*, ¶ 15. Prior to his incarceration, the plaintiff took insulin twice a day. *Id.*, ¶ 17. At Walker, he has been given insulin three times per day to address the high blood sugar levels, but his blood sugar levels remain uncontrolled. *Id.*, ¶ 18.

The plaintiff is scheduled to receive insulin within thirty minutes of 6:00 a.m., 10:00 a.m., and 4:00 p.m. His meals are served at 7:00 a.m., 10:00 a.m., and 4:00 p.m. *Id.*, ¶ 19. The amount of each insulin dose varies depending on his blood sugar level. *Id.*, ¶ 20. The 4:00 p.m. insulin dose often is administered between 4:30 p.m. and 5:00 p.m. *Id.*, ¶ 21. The plaintiff

cannot eat his meals until after he receives his insulin and his blood sugar level has lowered. *Id.*, ¶ 24. Thus, he often must wait an hour before eating a meal which has grown cold. *Id.*, ¶ 23.

The plaintiff is confined to a small cell 23 hours per day. The cell lacks sufficient space for him to properly exercise. *Id.*, ¶ 25.

High blood sugar levels in diabetics can cause glaucoma, blindness, dermatitis, gangrene resulting in amputations, urinary tract infections, bladder damage, and the danger of pancreas shutdown. *Id.*, ¶ 26.

The plaintiff has spoken and corresponded with the defendant about stabilizing his glucose levels. *Id.*, ¶ 30. She believes that all diabetics should be treated the same. *Id.*, ¶ 31.

II.  Analysis

The plaintiff contends that the defendant is deliberately indifferent to his serious medical need. The Department of Correction website indicates that the plaintiff was sentenced on July 18, 2018. *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=288126 (last visited Sept. 17, 2018). Thus, for some of the time at issue in this action, the plaintiff was a pretrial detainee.

A pretrial detainee's rights under the Fourteenth Amendment are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). Previously, the analysis of the two prongs of the deliberate indifference standard were the same, irrespective of whether the claim was brought under the Eighth Amendment or the Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009), *overruled by Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). However, in *Darnell*, the Second Circuit, relying on the Supreme Court's opinion in *Kingsley v.*

*Hendrickson*, 135 S. Ct. 2466 (2015), changed the analysis under the second prong. *See Darnell*, 849 F.3d at 32–36.

The first or objective prong of the test remains the same under the Eighth and Fourteenth Amendments. Under the objective prong, the alleged deprivation of medical care must be "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Second, as to the subjective prong under the Eighth Amendment, the defendant prison official must have "act[ed] with a sufficiently culpable state of mind." *Id.* (quoting *Hathaway*, 99 F.3d at 66). This does not require "knowing and purposeful infliction of harm," but "suffices

4

if the plaintiff proves that the official acted with deliberate indifference to inmate health." *See Salahuddin*, 467 F.3d at 279–80. Thus, the defendant must have been "actually aware of a substantial risk that serious inmate harm would result" as a result of his or her actions or inactions and have disregarded that risk. *See id.* The fact that a prison official or employee "failed to alleviate a significant risk that he should have perceived, but did not" does not constitute deliberate indifference. *See Farmer*, 511 U.S. at 838.

Furthermore, a showing of negligence or medical malpractice does not support an Eighth Amendment claim, unless it involves culpable recklessness. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation." *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). In certain situations, however, "instances of medical malpractice may rise to the level of deliberate indifference[,] namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hathaway*, 99 F.3d at 553 (internal quotation marks and citation omitted).

In *Darnell*, the Second Circuit held that, in claims involving pretrial detainees, the second prong is more appropriately considered the "mens rea" prong rather than the subjective prong. *See* 849 F.3d at 29, 35. In contrast to the Eighth Amendment's subjective analysis, this prong is defined objectively under the Fourteenth Amendment. *See id.* To satisfy the "mens rea" prong, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* (emphasis added).

5

Although the Second Circuit's holding in *Darnell* was applied to a claim of deliberate indifference to unconstitutional conditions of confinement, a footnote in *Darnell* indicates that "deliberate indifference means the same thing for each type of claim under the Fourteenth Amendment." *See id.* at 33 n.9. District courts in this Circuit have therefore applied *Darnell's* objective "mens rea" prong to claims of deliberate indifference to serious medical needs under the Fourteenth Amendment. *See Lloyd v. City of New York*, 246 F. Supp. 3d 704, 718–19 (S.D.N.Y. 2017); *McKinney v. New Haven Police Dep't*, 2017 WL 5137583, at *4 (D. Conn. Nov. 6, 2017); *Gonzalez-Torres v. Newson*, 2017 WL 2369369, at *3 (D. Conn. May 31, 2017); *Feliciano v. Anderson*, 2017 WL 1189747, at *10 (S.D.N.Y. Mar. 30, 2017).

The plaintiff alleges that he suffers from uncontrolled diabetes. This allegation is sufficient to plausibly state that the plaintiff has a serious medical need. *See Berry v. Wright*, No. 04-CV-74(Sr.), 2011 WL 231626, at *4 (W.D.N.Y. Jan. 24, 2011) (noting that district courts within this circuit have held that diabetes is sufficiently serious medical condition to satisfy objective prong of deliberate indifference test) (citing cases).

The plaintiff alleges that he has communicated with the defendant orally and in writing seeking a solution to his uncontrolled blood sugar levels, but nothing has been done. This allegation is sufficient to demonstrate that she recklessly failed to act with reasonable care to mitigate the risk to plaintiff during the period that he was a pretrial detainee and that she was actually aware of, and disregarded, the risk to the plaintiff's health during the period that he was a sentenced prisoner. Accordingly, the Fourteenth and Eighth Amendment deliberate indifference to medical needs claims will proceed against the defendant in her individual capacity only.

III.	Conclusion

The Court enters the following orders:

(1)	**The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for defendant LaFrance, mail a waiver of service of process request packet containing the Complaint to her at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)	**The Clerk shall** send the plaintiff a copy of this Order.

(3)	**The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)	The defendant shall file her response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. She also may include any and all additional defenses permitted by the Federal Rules.

(5)	Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 1st day of October 2018 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge