UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LESTER JORDAN,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | : CASE NO. 3:18-cv-1541 (MPS) |
| BARBARA LaFRANCE,<br>　　　　Defendant. | :<br>:<br>: |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Lester Jordan, commenced this civil rights action asserting a claim for deliberate indifference to a serious medical need while he was incarcerated. He has since discharged from custody. The named defendant, Nurse Barbara LaFrance, moves for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before commencing this action. For the following reasons, the defendant's motion is granted.

I.  Standard of Review

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'" *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

II.     Facts[1]

---

[1] The facts are taken from the defendant's Local Rule 56(a)1 Statement and attached exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)2 and 56(a)3. Although the defendant informed the plaintiff of this requirement, ECF No. 29-8, the plaintiff has neither submitted any opposition papers nor sought an extension of time within which to do so. Accordingly, the defendant's facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2."). As the Complaint is verified, the Court may consider the allegations in reviewing the motion for summary judgment.

The plaintiff was admitted to the custody of the Department of Correction at MacDougall-Walker Correctional Institution on April 27, 2018, as a pretrial detainee. ECF No. 19-7 ¶ 1. On July 18, 2018, he began serving a six-month sentence for violation of probation. *Id.* ¶ 2. The plaintiff completed his sentence and was discharged from custody on October 23, 2018. *Id.* ¶ 3. He has not been re-incarcerated. *Id.* ¶ 4.

Inmates at MacDougall-Walker Correctional Institution are housed in the MacDougall building or the Walker building. *Id.*, ¶ 5. Medical staff are assigned to both buildings and medical services are provided in both buildings. *Id.*, ¶ 6. Inmates exhaust their administrative remedies on matters relating to health care by utilizing the Health Services Review ("HSR"), as set forth in Department of Correction Administrative Directive 8.9. *Id.*, ¶ 7. The review is commenced when an inmate files a request on form CN 9602. *Id.*, ¶ 8.

When an inmate at MacDougall-Walker Correctional Institution files an HSR on form CN 9602, a designated HSR Coordinator at that facility reviews the request and logs it into the HSR electronic records. The HSR Coordinator then either responds to the request or forwards the request to the appropriate person for a response. *Id.*, ¶ 9. The HSR document is filed in the HSR archive located in the medical unit. *Id.*, ¶ 10. The routine and regular practice of the HSR Coordinators is to enter HSR requests into the electronic log and file the hard copy in the HSR archive. *Id.*, ¶ 11. The electronic HSR log lists all HSR requests filed in the MacDougall and Walker buildings. *Id.*, ¶ 12.

Nurses Walker and Ostheimer are HSR Coordinators. *Id.* ¶¶ 13-14. They both have access to the electronic HSR log and the historical archive of HSR requests filed by inmates at MacDougall-Walker Correctional Institution. *Id.*, ¶ 15. Nurse Ostheimer conducted a manual

search at the Walker building for any HSR request filed by the plaintiff between April 2018 and October 2018. *Id.*, ¶ 16. Nurse Walker searched the electronic log for any HSR request filed by the plaintiff between April 2018 and October 2018. *Id.*, ¶ 17. Neither located evidence that the plaintiff filed an HSR request while he was confined at the MacDougall-Walker Correctional Institution. *Id.*, ¶ 18.

III. Discussion

The defendant moves for summary judgment the ground that the plaintiff failed to exhaust his administrative remedies before commencing this action.

The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating to prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).

The plaintiff was incarcerated in the Walker building at MacDougall-Walker Correctional Institution when he filed this lawsuit. *See* ECF No. 1 ¶ 6. Because the plaintiff was incarcerated at the time of filing, the exhaustion requirement applies to him. *See Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (distinguishing former inmates who were not incarcerated when they filed a lawsuit and holding that the exhaustion requirement does not apply to them); *Baez v. Parks*, No. 02 Civ. 5821, 2004 WL 1052779, at *5 (S.D.N.Y. May 11, 2004) ("[T]he PLRA's strict exhaustion requirement does indeed apply in actions brought by pretrial detainees.").

4

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out ... (so that the agency addresses the issues on the merits) ... [and] demands compliance with agency deadlines and other critical procedural rules"). Special circumstances will not relieve an inmate of his or her obligation to adhere to the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

Health Services Reviews are governed by Administrative Directive 8.9, which is attached to the defendant's motion as Exhibit B or may be found at portal.ct.gov/DOC. There are two types of Health Services Reviews. The first seeks review of an administrative issue, *i.e.*, a particular practice, procedure, administrative provision or policy, or it may allege improper conduct by a health services provider. The second seeks review of a diagnosis or treatment, including a decision to provide no treatment. *See id*. at 8.9(9).

Prior to filing an HSR, the inmate must seek an informal resolution of his claim by discussing the claim, face to face, with the appropriate staff member or by submitting a written request to a supervisor. Staff shall respond to the inmate within fifteen days of the receipt of a written request. *See id.* at 8.9(10).

An inmate filing the first type of HSR must designate the "All Other Health Care Issues" box on the form and provide a concise statement of what he believes to be wrong and how he has

been affected. *Id.* at 8.9(12). The HSR Coordinator evaluates, investigates, and decides each review within thirty days. Each review must be rejected, denied, compromised, upheld or withdrawn. *See id.* at 8.9(12)(A). If the inmate is dissatisfied with the response, he may appeal the decision within ten business days. *See id.* at 8.9(12)(B). HSR appeals are decided by the designated facility health services director or his designee within fifteen business days after receiving the appeal. If the issue is compliance with existing standards, this concludes the appeal process. *See id.* at 8.9(12)(C).

An inmate filing the second type of HSR must designate the "Diagnosis/Treatment" box on the form and concisely explain the reason for his dissatisfaction. *See id.* at 8.9(11). Upon receipt of the form, the HSR Coordinator schedules an HSR Appointment with an appropriate medical professional as soon as possible. If the medical professional determines that the treatment was appropriate, the exhaustion process is concluded. *See id.* at 8.9(11)(A).

Under either type, however, the inmate must attempt informal resolution and file an HSR form. The defendants have presented evidence that an exhaustive search has revealed no electronic HSR record or physical HSR form. The plaintiff has presented no evidence in opposition to the motion for summary judgment showing that he exhausted his administrative remedies on this claim. In the verified complaint, which may be considered as an affidavit, the plaintiff states that he exhausted his administrative remedies. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("verified complaint is to be treated as an affidavit for summary judgment purposes"). A conclusory statement in an affidavit, however, is insufficient to create an issue of fact in opposition to a properly supported motion for summary judgment. *See Robinson*, 781 F.3d at 34 (party opposing summary judgment cannot rely on conclusory

6

allegations; he must present specific evidence showing the existence of a genuine factual dispute); *Zigmund v. Foster*, 106 F. Supp. 2d 352, 256 (D. Conn. 2000) (verification by affidavit of conclusory allegations is insufficient to oppose motion for summary judgment). The plaintiff would have to present some evidence, either physical evidence or specific factual statements in his affidavit, showing that he exhausted his administrative remedies. As he has not done so, the defendant's motion for summary judgment is granted.

IV. Conclusion

The defendant's motion for summary judgment [**ECF No. 19**] is **GRANTED.** The Clerk is directed to enter judgment in favor of the defendant and close this case.

**SO ORDERED** this 9th day of October 2019 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge